**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**SEP 7 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROLANDO HERNANDEZ PEREZ,

    Plaintiff-Appellant,

v.

INTERCONNECT DEVICES
INCORPORATED,

    Defendant-Appellee.

No. 98-3356
(D.C. No. 97-CV-2194-GTV)
(D. Kan.)

---

ORDER AND JUDGMENT  *

---

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

  *    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The district court granted summary judgment against plaintiff Rolando Hernandez Perez on his claims that his former employer, defendant Interconnect Devices Incorporated, was liable to him for common-law negligence and discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213; and the Kansas Acts Against Discrimination, Kan. Stat. Ann. §§ 44-1001 to 1044. Plaintiff appeals the summary judgment ruling and also alleges that he was mistreated during the course of litigation.

We review the grant of summary judgment de novo, applying the same standard as the district court to determine whether there is a genuine issue as to any material fact and whether defendant is entitled to judgment as a matter of law. See Zinn v. McKune, 143 F.3d 1353, 1356 (10th Cir. 1998). We examine the factual record and the reasonable inferences which may be drawn from it in the light most favorable to the plaintiff. See id.

Guided by these standards, we have reviewed the record and conclude that the district court was correct in entering summary judgment on plaintiff's claims. Moreover, we find no support in the record for plaintiff's claims of misconduct on the part of the district court judge, magistrate judge, appointed counsel, and

opposing counsel. We affirm for substantially the same reasons stated in the district court's thorough, well-reasoned order dated October 22, 1998. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge